IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THELMA WILLIAMS, JR.**                                    **PETITIONER**

VS.                  No. 4:22-cv-01118 JM/PSH

**TODD BALL, JAMES GIBSON,
BRANDON C. CARROLL, LT.
WASHINGTON, SGT. LEWIS,
CAPTAIN BIDENS, SGT. WALLACE,
SGT. CAMTBELL, S. BUDNIK,
OFFICER WASHINGTON, MARSHALL
DALE REED, and ROSALYN L. WILLIAMS**              **RESPONDENTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Thelma Williams, Jr. ("Williams"), an inmate in the custody of the Arkansas Divsion of Correction ("ADC"), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. The respondents are ADC officials and employees, primarily located at the ADC's Varner Supermax Unit. Williams also filed a motion

to proceed *in forma pauperis*.  Docket entry no. 1.

Mindful that the *pro se* complaint is to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), it appears Williams has previously been housed at the Varner Supermax Unit, and while there in 2021 resided in the general population of that unit.  It also appears that Williams is now housed in a more restrictive status at the unit – Williams describes it as "interminable isolation."  Docket entry no. 2, page 4.  He requests the Court resdesignate him to general population housing and direct that he be allowed the same communication privileges as other prisoners.  Although he alleges he is "unlawfully incarcerated" he cites no state court conviction or disciplinary conviction he is challenging.  Docket entry no. 2, page 6.  It is unclear how the respondents named in his petition are responsible for his situation, nor how they can remedy it.  Williams' custodian, the director of the ADC, is not named as a respondent.

The undersigned has screened Williams' petition, and the entire record in this case, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He is undoubtedly a pauper and would ordinarily warrant proceeding as such. His motion to proceed *in forma pauperis*, though, should be denied. See Docket Entry 1. For the reasons that follows, his claims, even liberally construed, are not cognizable in this habeas corpus proceeding.

First, although it is probable that he seeks a change in housing and conditions, it is difficult to precisely discern Williams' claims. To the extent his claims cannot be discerned, and are without factual supports, the claims cannot be considered. See *Pigg*

*v. Kelley*, No. 5:16-cv-000212-JLH-JTR, 2018 WL 2435600 (E.D.Ark. May 30, 2018), report and recommendation adopted, No. 5:16-cv-00212-JLH, 2018 WL 4224846 (E.D.Ark. September 5, 2018).

Second, "[h]abeas corpus relief is generally available only for claims that directly challenge the fact or duration of a prisoner's confinement—not the conditions of his confinement." See *Emerson v. Hobbs*, No. 6:12-cv-6116, 2012 WL 6210052, 1 (W.D.Ark. November 30, 2012), report and recommendation adopted, No. 12-CV-6116, 2012 WL 6210051 (W.D.Ark. December 13, 2012). *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994), and *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). To the extent Williams is challenging the conditions of his confinement in this case, his claims are not cognizable and cannot be considered in this proceeding. *See Kruger v. Erickson,* 77 F.3d 1071 (8th Cir. 1996) (labelling of the lawsuit as a petition for writ of habeas corpus is not controlling).

*Sua sponte* dismissals are disfavored. *See Haley v. Dormire*, 845 F.2d 1488 (8th Cir. 1988). Even so, the Court recommends *sua sponte* dismissal in this instance. The pending motion to proceed *in forma pauperis* should be denied, service should not be ordered, and judgment should be entered for the respondents. To the extent that Williams seeks to challenge the conditions of his confinement, he may consider 42 U.S.C. § 1983, and the Clerk is directed to forward the appropriate form to Williams.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of

appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends the certificate of appealability be denied.

    IT IS SO ORDERED this 30th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE